THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. SANTOS SOTO, Defendant and Appellant.

No. 7499. Argued June 5, 1939.—Decided December 15, 1939.

*E. Pérez Casalduc*, for appellant. *R. A. Gómez, Prosecuting Attorney*, and *Luis Janer, Assistant Prosecuting Attorney*, for The People, appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant was charged with involuntary manslaughter, consisting in having caused the death of Rafael Quintana, while he drove as chauffeur, a truck "without observing the due caution, care and circumspection, driving at excessive speed on a public road, zig-zagging and failing to blow his horn or klaxon or to give any warning whatsoever." The appeal taken against the judgment which sentenced the defendant to ten months in jail is based in two assignments of error, the first one consisting in having permitted the district attorney to ask witness Ramón Oliveras whether or not Luis Delgado, the person who drove the automobile on whose running board the deceased Quintana was riding, knew how to drive a car and in admitting his answer to that effect; and the second in having imposed upon the defendant a penalty which he considers excessive.

The essential facts established by the evidence are as follows: On the day of the happenings, five passengers, Amelia Mártir, David Mártir, Rita Crespo, Carmen Mercado and the chauffeur Luis Delgado were driving from Utuado to Lares in a five passenger Ford automobile, occupying the five seats of the car. Inside the car, seated on a door rode Serafín Mártir; and out of the car, standing in the left running board and holding on to the top of the vehicle, rode the deceased Rafael Quintana. In an opposite direction, that is, coming from Lares to Utuado, rode the truck driven by the defendant. The truck was empty. The road was wet. When both vehicles met on a graded curve of the road, the truck which was coming up hill swerved, and its rear part collided with the front left fender of the Ford, the latter being thrown into the ditch. Serafín Mártir was slightly injured and

Rafael Quintana was so seriously hurt that he died a few minutes afterwards.

The only matters in issue between the parties refer to the speed at which both vehicles respectively drove at the time of the accident and to whether or not the defendant blew his klaxon. The evidence in regard to both matters is conflicting. The conflict which arose from the whole of the evidence was decided by the jury against the defendant. The evidence presented by the People, to which the jury gave full credit is, in our opinion, sufficient to uphold the verdict. And it not being shown that the jury was moved by bias, prejudice or partiality in weighing the evidence, the reversal of the judgment appealed from would not be justified.

■■ The incident on which the first assignment of error is based, seems to have been provoked by counsel for defendant. When the Insular Policeman Ramón Oliveras took the stand as witness for the People, the defense, trying to prove that the accident was caused by the negligence of the conductor of the Ford, asked the witness if he had filed any complaint against Luis Delgado, to which the policeman answered that he had filed a complaint against him for a violation of the Automobile Law consisting in his driving the Ford without being duly authorized for it. It was then that the district attorney intervened, the following incident taking place:

"Q. Do you know Luis Delgado?
"A. Yes, sir.
"Q. For a long time?
"A. Yes, sir.
"Attorney Mr. Pérez Casalduc:
"I object to the manner in which the ability of a chauffeur is intended to be proven.
"Judge:
"The court has permitted the question in regard to the complaint because that is something which happened at the time of the investigation. The court instructs the jury that the fact that a policeman file a complaint against a person, against this one or the one who

drove the car, should not be taken into account in the sense that the person against whom the complaint was filed was the one to blame for the accident. The jury must determine from the evidence presented here whether or not the defendant was guilty. It will not take into account complaints filed against other persons.

"District Attorney:

"We ask Your Honor if it is admissible, if he may testify that a complaint was filed against the other chauffeur for driving a car without a license; if we could ask if, notwithstanding that he did not have a license, he knew how to drive a car which is something different from owning a license, There are sixty thousand people who do not own a license but who drive. They should consider that. (He argued.)

"Judge:

"The Supreme Court has decided that the fact of not having a license is not negligence in itself.

"D'strict Attorney:

"It is material that we should ask him if he knows how to drive a car.

"Judge:

"The court is going to allow questions as to whether he knew the chauffeur, this Luis Delgado, if he had seen him driving many times, not one s'ngle day, and what is his opinion in regard to his skill in driving automobiles.

"Attorney Pérez Casalduc:

"We take exception.

"Judge:

"The court wishes to make clear that it permits the question because the defense asked if a complaint had been filed against somebody and the witness answered that the chauffeur Luis Delgado had been prosecuted for driving without a license. Answer the question. If you have not seen him driving, several times, if you do not know that he had experience, then do not answer the question. If you had occasion to see him several times then you may answer the question.

"Witness:

"This young man, as soon as I was transferred to Utuado, I saw him driving an automobile. I arrested him in one or two occasions and also I saw him driving at a distance. And it never came to my knowledge . . .

"Counsel Pérez Casalduc:

"I object.

736

"Upon being question by the Judge he answered:
"Q. Answer if he knew how to drive an automobile.
"A. In my opinion, yes, sir."

There was no error whatsoever in the order of the lower court. The witness Oliveras, upon answering questions put forth by the defense itself, was qualified as an expert driver, with twelve years experience as a chauffeur. And said witness, having seen Luis Delgado on several occasions driving cars, was in a condition to testify in regard to his observations as to his ability and skill as an automobile driver.

Neither can we say that, under the attendant circumstances, the lower court committed error in imposing the sentence of ten months, which we consider reasonable.

The judgment appealed from must be affirmed.